Our final case of the day is United States v. Kaufmann. Ms. Rameh. Thank you, Your Honor. Good morning, and may it please the court, counsel. My name is Colleen Rameh, and I represent Defendant Appellant Darin Kaufmann in the Instant Appeal. The hallmark of the categorical approach is a certainty through examination of the elements of an offense of the minimum conduct that a conviction represents. It is only when courts determine that the elements are equivalent to or narrower than the conduct identified. Ms. Rameh, the important question, the immediate question for us, is whether there's anything left here after our decision in Kramer. That's a good question, and I believe there is, Your Honor. In Kramer, the court found that relating to made this a somewhat meant that we weren't necessarily looking at a one-to-one comparison of elements. I believe that there is that this statute goes beyond what even relating to would encompass, even under Kramer. So the recidivist statute here, and the reason for that is that when we look at why we employ a categorical approach, because we still do need to use a categorical approach to comply with the requirements of the Sixth Amendment, what we should be doing is looking at basically the animating principles behind the prohibition. Federal law prohibits possession of child pornography because of the harm to the- Are you still discussing Kramer? Because I have to say I didn't follow your attempted distinction. What is it that, in your view, makes Kramer not controlling? I think Kramer's controlling, but it's not dispositive for the government, Your Honor. If it's controlling, it's dispositive. No, I mean- That's what it means to say it's controlling. OK, well, I misspoke then, Your Honor. I believe that Kramer, so Kramer does say it's not a one-to-one comparison. But Kramer talks about the harm that is imposed on victims when there is these- Kramer was looking at the sexual assault provisions and looking at how the state law prohibited- It was a difference between a 13-year-old and a 14-year-old, federally and state, in the federal law and the state law. Here, when we're looking at the distinction between federal law and state law, we look at- the distinction here is that the state law criminalizes conduct that is protected speech under the federal Constitution. But you're not contending that Mr. Kaufman's conviction rested on protected speech, right? That's the kind of argument that matters if we have a strict elements approach. Kramer says we don't have a strict elements approach because of the relates to language. That's why I'm asking whether, given Kramer, which says that this normal elements approach doesn't apply to this statute, whether there's anything left. I understood Kramer as saying a one-to-one strict comparison of elements doesn't apply. That's the elements approach. I did not understand it as saying that we do not regard- we don't look at the elements and we look at conduct. I believe that- No, we want to know whether the statute relates to- Right. Whether the state statute relates to the federal statute. There's no doubt that the Indiana Code statute relates to the federal child porn statute. That's what it's about. Your argument is that it also criminalizes stuff that free speech coalition says cannot be criminalized. But if you're not saying your client was convicted for such a thing, all we need to know is whether the state law relates to. That's what I'm- I think that this is a fundamental problem in this- I mean, this is a fundamental problem in this area of the law. In order to comply with the Sixth Amendment, we have to know what the base- As soon as you start talking about the Fifth and Sixth Amendments, you really have to say Kramer was unconstituted. Maybe a recent decision of the Seventh Circuit, but the Supreme Court should reverse it because it's wrong. And that's a perfectly fine thing for you to say. Right? Lawyers don't have to agree with our decisions. Sure. I believe, Your Honor, that yes. To the extent that it says that we do not have to have any certainty as to the elements of the offense and whether or not they're sufficiently related to the elements of the federal definition or the generic definition of the offense illustrated, then I think it was wrongly decided, Your Honor, because it would contravene the dictates of the Sixth Amendment. In this case, we're looking at a statute that plainly shows that there is- The Indiana law provides no safeguards. It does not provide any safeguards in terms of showing that the victim is a real person and was actually underage. Those are the central tenets to the law about- Let me tell you where I think we are. I have yet to hear an argument under which Kramer could be right, but your argument in this appeal could proceed. I think the only- The way that you would get there would be to say that relates to at least has to provide enough of a relationship that the central harm is the same. The central harm- So in Kramer, the central harm- I have a hard time avoiding the conclusion that the central harm of 3542.44d is child pornography offenses. Well, there is no- Animation and fakery, so it may have trouble. And descriptions. But the central harm is child porn. Well, there's no requirement that anyone show that there is a real victim or they were actually underage. Yeah, I know. Look, you're just going back to your core point that the elements don't match up, and they don't. That's why relates to matters. But given Kramer, that point falls out. My argument is that the elements of the offense don't actually- Because the state doesn't have to prove that there was a real victim who was underage, it doesn't protect the state's interest in- I mean, the way that the law is constructed, it doesn't assure that they are protecting the state's interest in protecting underage-protecting children, protecting children from abuse. You don't have- There are no Indiana cases along the lines that you're describing. The Indiana cases only ask whether or not the person portrayed appears to be under 16 or 18 now. So there are no Indiana cases applying the state statute to conduct outside the federal version of child pornography. Your Honor, I don't have an exhaustive list of all of the state cases because they're not all published. Basically, what the government is asking us to do is rely- You can still find them, whether they're published or not. Honestly, I don't know because all that would be admitted to in a plea would be that the person appeared to be under 18. Well, the fact is there are no cases. I don't know. I don't know if there have been convictions based on similar conduct or conduct that would fall outside of the federal definition. I will reserve the remeter of my time for the law. Your Honor. Mr. Whalen. May it please the Court. Thank you, Your Honors. Nathaniel Whalen here on behalf of the United States of America. As we are with so many of these categorical-type arguments, the landscape has changed a little bit since the time the parties filed their briefs. Are you making a categorical argument or an argument about the categorical rule? I am making an argument that Kramer was rightly decided and the government believes that it was properly decided. Well, we are certainly going to give Ms. Ramay credit for having challenged Kramer, and if she wants to challenge it in the Supreme Court, well, that's the place. We agree with that, Your Honor. Well, technically, she can also seek re-hearing en banc. I don't know that the Kramer mandate has been issued yet, so I don't know on that fact, Your Honor. But I will just pick up on one point quickly on what Judge Kaney was asking, which is we've looked at every case that cited this statute under Indiana Appellate Court and Supreme Court case law, and no one has ever applied this statute in the unconstitutional manner. And, in fact, the Logan Court said you can't apply it in the unconstitutional manner. It would violate the defendant's First Amendment right to convict them of possessing drawings or depictions of youthful-looking adults, and that's what Ashcroft says. That's free speech, Ashcroft. And so when we're sitting here looking at the statute, the court's aware of the parameters of it. It does relate to the possession of child pornography under 2252B. Unless this court has any further questions or any questions, we would ask that you affirm the sentence below. Thank you. Thank you. Ms. Romay? With all due respect to Mr. Whelan, I don't think that a categorical statement that this has never been applied more broadly than the federal statute would reach can be accurately stated. It doesn't help you, though, does it? Well, I don't know that anyone can make that assertion because the fact that the person in the picture wasn't a real person is not even contemplated as a defense. Most people who receive or possess child pornography, they don't know if that's a real person or a digital image. Digital technology is getting better and better every day. It could be a composite image. There's a lot of manipulation that can happen digitally. So the statute itself, because it does not require these things, reaches so broadly that it cannot reasonably be considered related to the federal child pornography. Thank you, Your Honor. Thank you very much, counsel. The case is taken under advisement and the court will be in recess. Thank you.